**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Olin AUSTIN, Defendant-Appellant.**

**No. 85–1272.**

United States Court of Appeals, Tenth Circuit.

July 10, 1985.*

Before BARRETT, McWILLIAMS and McKAY, Circuit Judges.

### ORDER AND JUDGMENT

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This matter is before the court on defendant-appellant's renewed application for bail pending appeal pursuant to Fed.R. App.P. 9(b). In the interest of justice, we partially remand the matter to the district court for reconsideration of defendant's application for release pending appeal under the standards announced by our decision in *United States v. Affleck,* 765 F.2d 944 (10th Cir.1985). Accordingly, the matter is partially remanded for such further proceedings as are appropriate. *See* 10th Cir.R. 17(b).

Upon the conclusion of the proceedings contemplated by this order, the district court shall promptly certify the record of the proceedings as a supplemental record. Further, the parties shall, within ten days of the transmittal of the supplemental record on appeal, furnish statements of their respective positions regarding the proceedings on remand.

The partial mandate shall issue forthwith.

McKAY, Circuit Judge, dissenting from the denial of bail pending appeal:

Defendant was convicted of conspiracy to distribute marijuana. He was acquitted by the jury of two other counts with which he was charged. If guilty at all, the defendant was a fringe player in the matter. One of the issues raised, or at least intended to be raised on appeal, is the sufficiency of the evidence to support the conviction. In reviewing the petition for bail pending appeal, the trial court said, "I have made only a preliminary review, without the benefit of a transcript, of those points which defendants claim ultimately will result in reversal." Trial Court's Memorandum Opinion and Order, Exhibit E, attached to the motion before this court to grant bail pending appeal. The government, in its memorandum in response to the motion for bail pending appeal, makes a big issue of the absence of a transcript to support the claims. When one considers the time constraints involved in this and in future cases, that is of course the necessary result. This court will be considering these serious matters in the absence of adequate information. If not so serious, it would be laughable to excuse this on the ground that the burden of supplying these necessities lies on the person seeking bail pending appeal. We ourselves have had to discipline some court reporters in cases because of months of delay in preparing transcripts. Even if court reporters were prompt, the time constraints obvious in this and future cases make the task of appellants' seeking bail pending appeal one which I cannot conclude meets the minimum standards of due process. Even if they could meet those constraints, a conscientious application of this court's new standards for review of applications for bail pending appeal would require a time effort on the part of the members of this court that seems to me to fall into the category of docket suicide.

Further, in my view a substantial issue is raised to the extent that the trial court may have relied on the government's proposition in its Response to Motion for Judgment of Acquittal that "a jury's determination of guilt in a conspiracy case will not be disturbed when the trial record shows slight evidence of a particular defendant's connection with a conspiracy that has already been established through independent evidence." The question of how this doctrine has crept into the law is a truly remarkable one, and sufficiently substantial to meet the test in *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985).

The only apparent impediment to the granting of bail pending appeal is the "substantiality" of the issues raised. I believe them substantial; but, in any event, would grant bail for the reasons set out in my dissent in *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985).